# EXHIBIT C

## STATE COURT DOCUMENTS
## CAUSE NO. JS21-00379D

# TAB 1

## Plaintiff's Small Claims Petition

**STATEMENT OF CLAIMS**
**SMALL CLAIMS COURT OF DALLAS COUNTY, TEXAS**

Case No. TS21003790
Precinct/County ___OO___
Receipt No. _____

PLAINTIFF(S): _____Lucas Horton_____

STREET ADDRESS: _____1202 Stratford Dr_____

CITY, STATE, ZIP CODE: _____Richardson, TX 75080_____

HOME PHONE: _214 909 3341_____  EMAIL: ___lukeduke365@yahoo.com_____

BUSINESS PHONE: _____

VS.

DEFENDANT(S): _____ Tarrant County Hospital District DBA JPS Health Network_____

STREET ADDRESS: ___1500 S Main St_____

CITY, STATE, ZIP CODE: __ Fort Worth, TX 76104 _____

HOME PHONE: _____  EMAIL: _wecare@jpshealth.com_____

BUSINESS PHONE: ____(817) 702-3431_____

CLERK
2021 NOV 19 PM 1:43
JUSTICE OF THE PEACE
PRECINCT 2-1
DALLAS COUNTY, TEXAS

PERSON(S) TO BE SERVED: _____Robert Browder_____

STREET ADDRESS: _____1500 S Main St_____

CITY, STATE, ZIP CODE: _____ Fort Worth, TX 76104 _____

PHONE: _____(817) 702-3431_____

*************************************************************************

_x___ Defendant(s) is/are justly indebted to Plaintiff(s) in the sum of $ __3000___, along with costs of court for the following reason(s). _____See Attached_____

**OR**

_____ Defendant(s) is/are justly indebted to Plaintiff(s) for *return of the following described property* for the following reason(s):

_____ valued at $_____.

*Judge Margaret O'Brien, Justice of the Peace 2-1*
140 N. Garland Avenue, Garland, TX 75040
Phone: (214) 643-4773 • Fax (214) 643-4772
E-mail: JP21Court@dallascounty.org • Website: www.JudgeMO.org

AND there are no counterclaims existing in favor of Defendant(s) against Plaintiff(s) except: _____.

PLAINTIFF(s) REQUEST (s): a judgment for a sum of money against Defendant(s), plus pre-judgment interest, plus reasonable attorney fees, plus all costs of court, plus post-judgment interest at the highest legal rate.

_____
**Plaintiff's Attorney**

_____
**Address and Suite No.**

_____
**City**          **State**          **Zip**

_____
**Phone**          **Fax**

_____
**Bar Card #**

ANY LEGAL QUESTIONS WILL NOT BE ANSWERED BY THIS COURT.
LEGAL AID: 214-748-1234
Information on Small Claims maybe found on our website: www.JudgeMO.org

### Unsworn Declaration
(Texas Civil Practice and Remedies Code, Section 132.001)

I am the    __X__ Plaintiff    _____ Attorney of Record for the Plaintiff in this proceeding
_____Lucas Horton_____
**Printed Name**
_____1202 Stratford Dr, Richardson, TX 75080_____
**Street Address/City/ State/Zip**
____214 909 3341_____
**Phone Number/Fax Number**

I declare under penalty of perjury that all information in the attached document titled, Statement of Claims, is true and correct.

Penalty for making or using a false affidavit -- a person who makes or uses an affidavit knowing it to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.

_____                    11-MAY 17-21
**Signature**                                  **Date**

Judge Margaret O'Brien, Justice of the Peace 2-1
140 N. Garland Avenue, Garland, TX 75040
Phone: (214) 643-4773 • Fax (214) 643-4772
E-mail: JP21Court@dallascounty.org • Website: www.JudgeMO.org

| | | |
|---|---|---|
| LUCAS HORTON,<br>Plaintiff,<br><br>v.<br><br>TARRANT COUNTY HOSPITAL<br>DISTRIC DBA JPS HEALTH NETOWRK<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DALLAS COUNTY<br><br>JUSTICE COURT<br><br>PRECINCT 2, PLACE 1<br><br>DALLAS, TEXAS |

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Tarrant County Hospital District DBA JPS Health Network ("Defendant") for Defendant's being party to and benefitting from illegal and unwanted texts to consumers and to obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305") and 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A)(iii), and 47 U.S.C. § 227(b)(1)(B), both of which provide for separate private rights of action.

## PARTIES

2. Plaintiff is an individual who resides in Richardson, Dallas County, Texas. Defendant is a corporation incorporated and existing under the laws of the State of Texas whose corporate headquarters is located at 1500 S Main St, Fort Worth, TX 76104.

## COMMON FACTUAL ALLEGATIONS

1. Defendant or its proxies place unwanted texts to consumer cellphones for the purpose of soliciting the Defendant's accounting services.
2. The text at issue in this case was sent on behalf of, for the benefit of, and with the knowledge and approval of Defendant.
3. By making an unauthorized text as alleged herein, Defendant has caused consumers like the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and

invasions of privacy that result from the placement and receipt of such texts, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing texts and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such texts, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

4. Furthermore, Defendant (or a third-party acting on its behalf and for its benefit) sent the text knowing that they trespassed against and interfered with Plaintiff use and enjoyment of, and the ability to access, their telephones, including the related data, software, applications, and hardware components.

5. Defendant or its proxies knowingly made, and continues to send repeated texts to consumers' telephones without the prior express consent of the recipients.

6. As such, Defendant not only invaded the personal privacy of Plaintiff it also intentionally, repeatedly, and willfully violates the TCPA.

7. The alleged text was sent by or on Defendant's behalf and with its knowledge and approval. Defendant knew about the text, received the benefits of the text, directed that the text be made, and/or ratified the making of the text.

8. The TCPA was enacted to protect consumers from unsolicited telephone texts like the one alleged in this case.

9. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant to cease all unsolicited texting activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

**FACTS SPECIFIC TO PLAINTIFF**

10. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

11. Plaintiff has been on the National DNC list since Dec 2011, which is 1 violation of the TCPA.

12. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with prior express consent to text.

13. Plaintiff was texted by short code 469-5876164 on 10/20/2021. The text "wants to let me know that everyone ages 12 and up is eligible for the free COVID vaccine." Plaintiff never provided

prior express written consent to be texted and the text was sent by an ATDS, both of which are violations of the TCPA.

14. The text was sent by or on behalf of Defendant for the purpose of enticing consumers to purchase their accounting services.

15. Defendant knew about the text, directed the making of the text, ratified the text by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the text.

16. Prior to receiving the above-referenced text, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place texts to him or to offer him any services.

17. Simply put, Plaintiff has never provided any form of prior express consent to Defendant, or to anyone acting on Defendant's behalf, to text to his phone number before he received a text from the Defendant.

18. The telephone number that Defendant, or its agent, sent a text message to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 227 (b)(1).

19. Accordingly, the text message was sent in violation of the TCPA, as the text message was sent to Plaintiff's cellular telephone using an automatic telephone dialing without Plaintiff's prior written consent.

20. The text message placed to Plaintiff's cellular telephone was made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store numbers, or to produce telephone numbers to send text messages using a random or sequential number generator. This is evidenced by:

    a. The generic content and structure of the message;

    b. That incoming messages are not monitored;

    c. That the number used to send the text messages does not accept incoming phone calls;

    d. That an auto messaged is received when replying "STOP" to the texts;

    e. That none of the messages are sent with human intervention.

21. By making an unsolicited text as alleged herein, Defendant has caused Plaintiff actual harm, including: (a) the aggravation, nuisance, and invasions of privacy that result from the placement of such texts, (b) wear and tear on their telephones, (c) interference with the use

of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such texts, and (f) the diminished use, enjoyment, value, and utility of their telephone plans.

22. Furthermore, Defendant made the text knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access their phones, including the related data, software, and hardware components.

Dated: 11/17/2021        Respectfully submitted,

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

# TAB 2

## Citation

DOCKET NO: JS21-00379D

SUIT DESCRIPTION:
SEE ATTACHED PETITION

PLAINTIFF(S):
HORTON, LUCAS
1202 STRATFORD DR
RICHARDSON, TX 75080
(214) 909 3341

VS.

DEFENDANT(S):
TARRANT CO HOSPITAL DISTRICT DBA
JPS HEALTH NETWORK
SERVE: ROBERT BROWDER
1500 S MAIN ST

FORT WORTH, TX 76104
(817) 702 3431

CITATION
IN THE JUSTICE COURT

FILED ON: 11-19-2021

CITATION ISSUED: 11-22-2021
CITATION ISSUED TO
PL-OOC /WL

MARGARET O BRIEN
JUSTICE OF THE PEACE
PRECINCT 2, PLACE 1
DALLAS COUNTY
140 N. GARLAND AVE.
GARLAND, TEXAS 75040
(214) 643-4773

THE STATE OF TEXAS

TO THE DEFENDANT: TARRANT CO HOSPITAL DISTRICT DBA JPS HEALTH NETWORK

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED WITH THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY, SUNDAY, OR LEGAL HOLIDAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.

IF YOU FAIL TO FILE AN ANSWER, JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. A COPY OF PLAINTIFF'S PETITION IS ATTACHED HERETO AND MADE A PART HEREOF AS THOUGH WRITTEN IN.

GIVEN UNDER MY HAND OFFICIALLY, THIS NOVEMBER 22, 2021.

_Margaret O'Brien_
wl
JUDGE MARGARET O BRIEN
JUSTICE OF THE PEACE
PRECINCT 2 PLACE 1
DALLAS COUNTY